[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2011
JOHN LEY
CLERK

No. 11-10459
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cv-01928-RDP

LAURA FAUGHT,
STEVEN FAUGHT,
on behalf of themselves and all
others similarly situated,

Plaintiffs-Appellees,

KARON EDLESON,
L.B. CHIP EDLESON,

Movants - Appellants,

versus

AMERICAN HOME SHIELD CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 21, 2011)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This appeal involves a fundamental misunderstanding about the enforcement of an injunction. The district court approved a settlement between American Home Shield and a national class represented by Laura and Stephen Faught and, as part of its judgment, enjoined permanently "anyone claiming . . . for the benefit of" members of the class from prosecuting released claims. Karon and Chip Edleson opted out of the settlement of that class action, but continued to prosecute a putative class action against American Home Shield in a California court. Instead of moving the district court to enforce its extant injunction, American Home Shield then moved the district court to enter another injunction to bar the Edlesons from prosecuting their putative class action in the California court, under the All Writs Act, 28 U.S.C. § 2283. The district court granted that motion and entered a second injunction, which the Edlesons now challenge on appeal. Because the district court failed to comply with "equity's time-honored procedures" to enforce an injunction, Wyatt v. Rogers, 92 F.3d 1074, 1078 (11th Cir. 1996), we vacate the second injunction against the Edlesons and remand for further proceedings.

## I. BACKGROUND

2

The Edelsons, on behalf of themselves and a national class, filed in a California court a complaint against American Home Shield. The complaint alleged that American Home Shield had denied wrongfully claims for repairs and replacement of home system components and appliances and had failed to supervise its third-party contractors. The parties entered a settlement agreement, but the California court rejected the agreement.

Meanwhile, Laura and Stephen Faught, on behalf of the same national class, filed in the district court a complaint against American Home Shield. The parties entered a settlement agreement that the district court approved preliminarily. The settlement provided that class members could resubmit their claims and that American Home Shield would revamp its procedures for processing claims. To preserve the status quo, the district court enjoined temporarily the class members from prosecuting "any Claim" addressed in the agreement.

The Edlesons ignored the injunction, and American Home Shield moved to enjoin the Edlesons from prosecuting their complaint in the California court. The district court enjoined the Edlesons from prosecuting their complaint "while the [Faught] settlement . . . [was] being considered." The Edlesons appealed the temporary injunction, but this Court later dismissed that appeal as moot, Faught v. Am. Home Shield Corp., No. 09-15954 (11th Cir. Nov. 10, 2010).

3

The Edlesons timely opted out of the Faught settlement, and the district court entered a final judgment that approved the settlement agreement. As part of its judgment, the district court permanently enjoined "[t]he Named Plaintiffs, all Class Members, their counsel and anyone claiming through or for the benefit of any of them . . . from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any Suit asserting any of the Released Claims against the Released Parties."

American Home Shield moved to continue the temporary injunction against the Edlesons. American Home Shield argued that the Edlesons' complaint violated their agreement as opt-out plaintiffs to "pursu[e] [only] individual claims" and that the action interfered with the Faught settlement. The district court, based on the representations of the Edelsons that they would pursue only claims "available to them as opt-out plaintiffs in an individual action," denied the motion of American Home Shield as "inappropriate and premature."

The Edlesons then filed in the California court an amended complaint that American Home Shield had breached its contract, violated its duty of good faith and fair dealing, and engaged in "deceptive acts and practices" and "unfair competition" in violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq., and the Unfair Competition Law, Cal. Bus. and Prof. Code § 17200.

4

The Edlesons sought restitution and injunctive relief against American Home Shield on the ground that its alleged violations of the Legal Remedies Act "present[ed] a continuing threat to [the Edlesons] and the general public." The Edlesons also sought the same two forms of relief "on [their] behalf and [for] members of the general public" under the Competition Law.

Instead of seeking to have the Edelsons held in contempt for violating the final judgment, American Home Shield moved the district court to issue a permanent injunction against the Edelsons. American Home Shield argued that the Edlesons sought relief that would "interfere with" the jurisdiction of the district court to enforce the Faught settlement and would be "incompatible with the business practices changes" to which American Home Shield had agreed in the settlement. The Edlesons responded that they were entitled to pursue relief under California laws in a "representative capacity" because their "claims were not litigated in" the Faught settlement and that their action did not interfere with the Faught settlement.

At a hearing on the motion, American Home Shield argued that there was an identity of claims and parties between the Edlesons' complaint and the Faught settlement. The Edlesons responded that they planned to present to the California court "issues about AHS' business practices of . . . entering into contracts that

5

incentivize contractors to deny claims; and . . . that knowingly allow the contractors to deny claims and make what we call 'bandaid repairs.'" The Faughts argued that the issues raised by the Edlesons were included "in the original and all of the amended complaints." The Edlesons admitted that one "principal [claim] for injunctive relief" regarding the claims review process was "[p]otentially" inconsistent with the relief provided in the Faught settlement. The Edlesons also admitted that, "[i]f [the] relief [they sought under the California consumer protection laws] [was] granted," their action would benefit consumers both inside and "outside of California."

The next day, the Edlesons informed the district court that they did not intend to pursue representative relief in the California court. The Edlesons filed a statement that they "[did] not intend to seek restitution for anyone other than themselves (with respect to their individual home warranty policies)" and that "all monetary relief sought" in the amended complaint "relate[d] only to themselves, not to any member of the public or of the Faught class."

The district court issued a permanent injunction against the Edlesons. The district court enjoined the Edlesons from prosecuting "any and all representative aspects" of their action, "including all claims under the California Consumer Legal Remedies Act, . . . the California Unfair Competition Law, . . . and all requests for

injunctive relief." The order did not "enjoin[] the Edlesons from proceeding in the California court on purely individual claims for monetary relief."

## II. STANDARDS OF REVIEW

We review a decision staying a state court proceeding for an abuse of discretion. In re Ford Motor Co., 471 F.3d 1233, 1250 (11th Cir. 2006). "'A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" Id. (quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004)).

## III. DISCUSSION

The district court abused its discretion by entering an injunction to enforce a judgment that already included an injunction entered under the All Writs Act. The final judgment permanently enjoined "anyone" from prosecuting a released claim "for the benefit of" a class member, and the "All Writs Act is the only source from which the district court could have derived the power" to issue that injunction, id. at 1256. The Act confers authority on federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651, and "empowers federal courts to issue injunctions to protect or effectuate their judgments," Wesch v. Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993), against those

7

who "'are in a position to frustrate the implementation of a court order,'" Klay, 376 F.3d at 1100 (quoting United States v. N.Y. Tel. Co., 434 U.S. 159, 174, 98 S. Ct. 364, 373 (1977)).  The authority to protect a judgment, under the Act, is broader than the authority conferred in a "traditional" injunction issued under Federal Rule of Civil Procedure 65, which allows a district court to enjoin the actions of parties and their "officers, agents, servants, employees, and attorneys[,] and other persons who are in active concert or participation with them."  See Klay, 376 F.3d at 1100–02; see also In re Ford Motor Co., 471 F.3d at 1256 & n.41.

We have explained repeatedly that "injunctions are enforced through the district court's civil contempt power."  Thomas v. Blue Cross and Blue Shield Ass'n, 594 F.3d 823, 829 (11th Cir. 2010) (internal quotation marks omitted) (collecting cases).  If the prosecution of the Edlesons' class action in California would interfere with the settlement approved by the district court, then American Home Shield should have moved the district court for an order to show cause why the Edlesons should not be held in contempt for violating the injunction against the prosecution of released claims.  Id. (citing Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000)).  American Home Shield should not have moved the district court to enter another injunction, and the district court should not have entered a second injunction to enforce its judgment.

We **VACATE** the second injunction against the Edlesons, and we **REMAND** for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.